UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL HART            )
                        )
v.                      )         No. 3:10-0520
                        )
RICKY BELL, et al.      )

To: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered June 1, 2010 (Docket Entry No. 7), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the Motion to Dismiss filed by Defendants Ricky Bell and Sandra Hall (Docket Entry No. 35), to which Plaintiff has filed a response in opposition (Docket Entry No. 40).[1] For the reasons set out below, the Court recommends that the motion be GRANTED and that Defendants Bell and Hall be dismissed from the action.

---

[1] Although the Plaintiff styled his response as a "motion," it clearly was intended as a response in opposition to the pending motion to dismiss filed by Defendants Bell and Hall and has been docketed by the Clerk as a response.

## I. BACKGROUND

Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Riverbend Maximum Security Institution ("RMSI"). He filed this action pro se and in forma pauperis on May 26, 2010, seeking compensatory and punitive damages, as well as declaratory and injunctive relief, based on allegations that he was assaulted by RMSI officers Joshua McCall and Brandon Jackson in his prison cell on March 16, 2010. He brings a claim for cruel and unusual punishment in violation of his Eighth Amendment rights and names as defendants McCall, Jackson, RMSI Warden Ricky Bell, and RMSI Unit Manager Sandra Hall. Each defendant is sued in his or her individual and official capacities. See Complaint (Docket Entry No. 1).

Defendants McCall and Jackson have filed a joint answer to the complaint. See Docket Entry No. 34. In lieu of an answer, Defendants Bell and Hall have filed the pending motion to dismiss.

## II. MOTION TO DISMISS AND RESPONSE

Defendants Bell and Hall argue that they should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Plaintiff fails to state a claim against them upon which relief can be granted. They contend that the Plaintiff does not allege any facts in his complaint showing that they were personally involved in the alleged assault or that they acted in any manner which would support a constitutional claim against them.

In response, the Plaintiff asserts that Defendant Bell, as the RMSI Warden, is responsible for the conduct of RMSI officers and that both Defendants Bell and Hall are responsible for ensuring that policies and procedures are followed, that those under their supervision are performing their

2

jobs properly, and that any misconduct or use of excessive force by RMSI officers is punished or corrected. See Docket Entry No. 40.

### III. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. _, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000).

3

## IV. CONCLUSIONS

The motion to dismiss should be granted, and Defendants Bell and Hall should be dismissed from the action.

There are no allegations in the Complaint that either Defendant Bell or Hall had any personal involvement in the alleged assault. Indeed, in his Response, the Plaintiff appears to acknowledge that neither Defendant had any personal involvement in the alleged assault. It is well settled that a defendant cannot be held liable under 42 U.S.C. § 1983 for alleged constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct. Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992). The Plaintiff must show that the defendant personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989). There are simply no factual allegations in the Complaint regarding Defendants Bell and Hall that satisfy this standard and which support a claim of individual liability against them.

The fact that Defendants Bell and Hall hold supervisory positions at the RMSI cannot form the basis for claims of individual liability against them. Because constitutional liability requires a showing of the personal involvement of the defendant in the alleged unconstitutional activity, a defendant cannot be found liable under the theory of respondeat superior or merely because he or she is in a supervisory position. Shehee, 199 F.3d at 300; Hays v. Jefferson County, 668 F.2d 869, 872 (6th Cir. 1982). To be held liable, a supervisor must have encouraged the specific incident of

misconduct or in some other way directly participated in it. Shehee, 199 F.3d at 300. There are no such allegations in the Complaint nor does Plaintiff's response in opposition provide any factual basis which supports a viable constitutional claim against them.

The claims against Defendants Bell and Hall in their official capacities also warrant dismissal. The Eleventh Amendment bars a plaintiff from suing a state, a state agency, or any of its employees in their official capacities for monetary damages on civil rights claims, Turker v. Ohio Dept. of Rehabilitation and Corrections, 157 F.3d 453, 456 (6th Cir. 1998), and neither a State nor its officials acting in their official capacities are "persons" under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2311-12, 105 L.Ed.2d 45 (1989); Hardin v. Straub, 954 F.2d 1193, 1198 (6th Cir. 1992).

The Plaintiff's requests for declaratory and injunctive relief are also not sufficient to prevent the claims against Defendants Bell and Hall from being dismissed. The Plaintiff has not made any showing that there is a real and immediate threat that he will suffer a future injury due to the alleged wrongdoing. Thus, he has no standing to seek prospective injunctive relief. See City of Los Angeles v. Lyons, 461 U.S. 95, 102-09, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); Blakely v. United States, 276 F.3d 853, 873-74 (6th Cir. 2002); Williams v. Ellington, 936 F.2d 881, 889 (6th Cir. 1991). The Plaintiff's past exposure to alleged illegal conduct "does not in itself show a present case or controversy regarding injunctive relief." O'Shea v. Littleton, 414 U.S. 488, 495, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). Similarly, the Plaintiff's request for declaratory relief lacks merit because there is no longer any actual and continuing controversy between the parties which would cause an immediate and real threat of injury to him. City of Los Angeles, 461 U.S. at 102; Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985). There is simply no actual controversy between the parties

which calls for a declaration of the rights and other legal relations of the parties. See 28 U.S.C. § 2201; Grand Trunk W. R.R. Co. v. Consol. Rail Co., 746 F.2d 323, 326 (6th Cir. 1984).

## R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that the Motion to Dismiss of Defendants Ricky Bell and Sandra Hall (Docket Entry No. 35) be GRANTED and that these two defendants be DISMISSED from the action.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,


        JULIET GRIFFIN
        United States Magistrate Judge