IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL HART )
)
v. ) No. 3:10-0520
)
RICKY BELL, et al. )

To: Honorable Aleta A. Trauger, District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered June 1, 2010 (Docket Entry No. 7), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the Motion for Summary Judgment filed by Defendants Brandon Jackson and Joshua McCall (Docket Entry No. 66), to which the Plaintiff has filed a response in opposition (Docket Entry Nos. 80-83). Set out below is the Court's recommendation for disposition of the motion.

## I. BACKGROUND

The Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Riverbend Maximum Security Institution ("RMSI"). He filed this action pro se and in forma pauperis on May 26, 2010, seeking compensatory and punitive damages under 42 U.S.C. § 1983, as well as declaratory and injunctive relief. He claims that his constitutional rights were violated when RMSI correctional officers Joshua McCall and Brandon Jackson assaulted him in his cell on March 16, 2010. The Plaintiff named as defendants McCall, Jackson, RMSI Warden Ricky Bell, and RMSI Unit Manager Sandra Hall. By Order entered November 15, 2010 (Docket Entry No. 45), Defendants Bell and Hall were dismissed from the action upon their motion. Defendants McCall and Jackson have filed a joint answer (Docket Entry No. 34), and a scheduling order has been entered to facilitate pre-trial activity in the action. A jury trial has been demanded.

During the evening of March 16, 2010, McCall, Jackson, and correctional officer Chad White went to the Plaintiff's cell to conduct a strip search of the Plaintiff. The Plaintiff refused to consent to the search, at which time McCall began to handcuff the Plaintiff. The Plaintiff asserts that he was facing his bunk and was in the process of placing a pencil he had in his left hand on the bunk when McCall yelled that the Plaintiff was trying to stab him with the pencil. The Plaintiff alleges that Jackson then began to choke him to the point that he nearly lost consciousness and that McCall placed the handcuffs on

his wrists in an excessively tight manner and twisted his wrists as if attempting to break them. After the Plaintiff was placed in leg irons, he alleges that McCall pulled him off the bunk by the leg irons causing his head to hit the floor and then reached down and struck the Plaintiff on the side of his face with his fist. The Plaintiff was then escorted to another area where the strip search was conducted. He alleges that he remained in the leg irons and excessively tight handcuffs for approximately one hour and that his requests to other correctional officers to have his injuries documented were ignored.

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Defendants McCall and Jackson contend that they entered the Plaintiff's cell in order to conduct a strip search of him and that he was placed in handcuffs and leg irons after he refused to comply with orders to be searched. They assert that, after the Plaintiff was moved from his cell to another area where the strip search occurred, it was discovered that the Plaintiff was in possession of a homemade "shank" or weapon, which he admitted he planned to use to harm another inmate. They conceded that a small measure of force was used to restrain the Plaintiff in order to allow him to be placed in handcuffs but that their use of force was authorized by, and in compliance with, TDOC policy. The defendants deny choking the Plaintiff, twisting his wrists, striking him, or pulling him off the bunk causing his head to strike the floor. They further deny that the Plaintiff was merely placing

3

a pencil on his bunk as he alleges but assert that the Plaintiff "swung around" and attempted to strike McCall with the pencil.

The defendants argue that the Plaintiff cannot support either the objective or subjective elements of an Eighth Amendment excessive force claim and that the lawsuit should be dismissed as a matter of law because the alleged actions do not rise to the level of an Eighth Amendment violation. Additionally, the defendants contend that the Plaintiff's claim should be dismissed pursuant to 42 U.S.C. § 1997e(e) because he has not shown that he suffered a serious physical injury as a result of the alleged misconduct of the defendants. The defendants support their motion with the affidavit of Brandon Jackson (Docket Entry No. 67-1), the affidavit of Chad White (Docket Entry No. 67-2), the affidavit of Joshua McCall (Docket Entry No. 67-3), excerpts from the Plaintiff's deposition transcript (Docket Entry No. 67-4), and with copies of prison documents and TDOC policies (Docket Entry Nos. 67-5 to 67-8).

In response, the Plaintiff reaffirms his original allegations and disputes the defendants' version of the facts. While he admits to refusing orders to submit to the strip search, he denies that he attempted to strike anyone with the pencil or acted in any manner which required the level of force he alleges was used against him. He further contends that he suffered extreme pain because of the attack, suffered visible and documented injuries to his wrists, and that his injuries were significant enough that medical staff ordered that

4

x-rays be taken of his wrists and jaw. The Plaintiff supports his response with sworn statements of opposition (Docket Entry Nos. 81-83) to the defendants' supporting documents and with copies of various prison documents (Docket Entry Nos. 80-1 to 80-4).

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538

(1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his

or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

## IV. CONCLUSIONS

A. Official Capacity Claims and Request for Injunctive and Declaratory Relief

Summary judgment should be granted with respect to the official capacity claims against Defendants McCall and Jackson, as well as the Plaintiff's claims for injunctive and declaratory relief.

The claims against the defendants in their official capacities warrant dismissal as a matter of law. The Eleventh Amendment bars a plaintiff from suing a state, a state agency, or any of its employees in their official capacities for monetary damages on civil rights claims, Turker v. Ohio Dept. of Rehabilitation and Corrections, 157 F.3d 453, 456 (6th Cir. 1998), and neither a State nor its officials acting in their official capacities are "persons" under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2311-12, 105 L.Ed.2d 45 (1989); Hardin v. Straub, 954 F.2d 1193, 1198 (6th Cir. 1992).

The Plaintiff's requests for declaratory and injunctive relief also warrant dismissal. The Plaintiff has not made a showing that there is a real and immediate threat that he will suffer a future injury due to the alleged wrongdoing. Thus, he has no standing to seek prospective injunctive relief. See City of Los Angeles v. Lyons, 461 U.S. 95, 102-09, 103 S.Ct.

7

1660, 75 L.Ed.2d 675 (1983); Blakely v. United States, 276 F.3d 853, 873-74 (6th Cir. 2002); Williams v. Ellington, 936 F.2d 881, 889 (6th Cir. 1991). The Plaintiff's past exposure to alleged illegal conduct "does not in itself show a present case or controversy regarding injunctive relief." O'Shea v. Littleton, 414 U.S. 488, 495, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). Similarly, the Plaintiff's request for declaratory relief lacks merit because there is no longer any actual and continuing controversy between the parties that would cause an immediate and real threat of injury to him. City of Los Angeles, 461 U.S. at 102; Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985). There is simply no actual controversy between the parties which calls for a declaration of the rights and other legal relations of the parties. See 28 U.S.C. § 2201; Grand Trunk W. R.R. Co. v. Consol. Rail Co., 746 F.2d 323, 326 (6th Cir. 1984).

B. Individual Capacity Damage Claims

With respect to the Plaintiff's damage claims against Defendants McCall and Jackson in their individual capacities, the Court finds that genuine issues of material fact exist that must be resolved by the trier of fact. Accordingly, summary judgment should be denied as to these claims.

The Eighth Amendment prohibits the wanton and unnecessary infliction of pain upon a prison inmate. Whitley v. Albers, 475 U.S. 312, 319-20, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Accordingly, the unjustified infliction of bodily harm upon a prisoner gives rise

to a claim under 42 U.S.C. § 1983. Caldwell v. Moore, 968 F.2d 595, 599 (6th Cir. 1992); Franklin v. Aycock, 795 F.2d 1253, 1258 (6th Cir. 1986). Given the realities of the penological setting, a good faith use of force against a prison inmate may be acceptable if the force is used in pursuit of valid penological purposes. Whitley, 475 U.S. at 320-21; Lockett v. Suardini, 526 F.3d 866, 875 (6th Cir. 2008); Parrish v. Johnson, 800 F.2d 600, 604 (6th Cir. 1986). The core judicial inquiry whenever a prison official is accused of using excessive physical force against a prison inmate in violation of the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (quoting Whitley, 475 U.S. at 320-21).

The Plaintiff's Eighth Amendment excessive force claims have both an objective and a subjective component. Moore v. Holbrook, 2 F.3d 697, 700 (6th Cir. 1993). Objectively, the Plaintiff must show that he was subjected to an action that rises to the level of constitutional magnitude. See Hudson, 503 U.S. at 9-10. Accordingly, de minimis uses of force against a prison inmate, provided they are not the sort that are "repugnant to the conscience of mankind," do not fall within the scope of constitutional protection. Id.; Leary v. Livingston Cnty., 528 F.3d 438, 443 (6th Cir. 2008). However, the objective component of an Eighth Amendment claim does not require that the Plaintiff show that he suffered a significant or serious injury. Hudson, 503 U.S at 9; Lockett, 526 F.3d at 875; Moore v.

9

Holbrook, 2 F.3d 697, 701 (6th Cir. 1993); Boretti v. Wiscomb, 930 F.2d 1150, 1154-55 (6th Cir. 1991). Additionally, the presence of pain that causes unnecessary suffering is itself sufficient to show an injury warranting a constitutional remedy. See Hope v. Pelzer, 536 U.S. 730, 737-38, 122 S.Ct. 2508153 L.Ed.2d 666 (2002); Boretti, 930 F.2d at 1154.

The subjective component of an Eighth Amendment excessive force claim does not have a fixed meaning. Moore, 2 F.3d at 700. As the Supreme Court held in Whitley, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " 475 U.S. at 320-21 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)); Hudson, 503 U.S. at 6-7. The Supreme Court in Whitley held that determination of this issue requires consideration of factors such as "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." 475 U.S. at 321. "From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." Id. Other relevant factors for consideration are the extent of any threat to the safety of staff and other prisoners, "as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response." Id.

10

The defendants argue that there are insufficient facts that support the Plaintiff's Eighth Amendment claim. Under the defendants' version of the facts, the Plaintiff refused orders to be strip searched, was combative, and attempted to assault Defendant McCall, actions which they contend necessitated the use of very minimal and non-injurious force to restrain the Plaintiff and place him in handcuffs and leg irons. If this were the only version of the facts before the Court, summary judgment would be appropriately granted in favor of the defendants.

However, the Plaintiff presents a different version of the facts that is supported by his verified complaint, as well as by his verified declarations in opposition to summary judgment.[1] While the Plaintiff admits to not complying with orders to be strip searched, he contends that he submitted to being placed in restraints and offered no physical resistance to the defendants. He denies taking any actions to assault or attempt to assault either defendant and denies that only minimal force was used against him, but instead alleges that he was physically assaulted by both defendants for no reason and that some of the uses of force against him occurred after he was restrained in handcuffs and leg irons. Further, the Plaintiff has presented evidence that the defendants' actions caused him to suffer significant pain and injuries that necessitated medical treatment. Under the

---

[1] The Plaintiff's verified complaint and declarations carry the same force as an affidavit for the purposes of disputing summary judgment. See Williams v. Browman, 981 F.2d 901, 904-05 (6th Cir. 1992).

Plaintiff's version of the events, which the Court must construe in the light most favorable to him as the non-moving party, there was no need for the application of any force by the defendants and the force that was used against him - choking him, twisting his wrists, placing handcuffs on him in an excessively tight manner, causing him to fall head first to the floor, and striking him in the face – was excessive, gratuitous, and malicious on the part of the defendants.[2] Such fact are sufficient to support an Eighth Amendment claim upon which liability could be found against the defendants. See Hudson, supra; Whitley, supra.

Resolving the parties' differing factual accounts requires credibility determinations that the Court cannot make in the stance of summary judgment. When resolution of an excessive force claim requires belief of one party's set of facts over another, the defendant is not entitled to summary judgment on the issue. See Sigley v. City of Parma Heights, 437 F.3d 527, 536 (6th Cir. 2006) (addressing Fourth Amendment excessive force claim). Because the Plaintiff has set forth sufficient factual evidence upon which a reasonable trier of fact could find in his favor on his Eighth Amendment claims, the defendants' request for summary judgment on the merits of the Plaintiff's Eighth Amendment claims should be denied.

---

[2] Although the defendants argue that summary judgment is warranted in their favor "[a]ssuming, arguendo, that the Plaintiff's allegations are true," see Defendants' Memorandum (Docket Entry No. 67), at 10, the defendants offer only a conclusory assertion in support of this argument and do not set forth any actual legal analysis of why the defendants' actions, if occurring as alleged by the Plaintiff, would not constitute an Eighth Amendment violation.

C. 42 U.S.C. § 1997e(e)

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Sixth Circuit Court of Appeals has held that, even though the physical injury required by Section 1997e(e) for a § 1983 claim need not be significant, it must be more than de minimis for an Eighth Amendment claim to go forward. Flanory v. Bonn, 604 F.3d 249, 254 (6th Cir. 2010).

In the instant action, the Court has found that genuine questions of material fact exist regarding the alleged injuries suffered by the Plaintiff. Assuming the veracity of his allegations, as the Court must do at this stage, the Plaintiff has asserted facts showing that he suffered more than a de minimis injury for the purposes of Section 1997e(e). Accordingly, the defendants' request for summary judgment on the basis of Section 1997e(e) lacks merit.

Furthermore, the Plaintiff has not merely requested damages for emotional or mental injury. He has requested compensatory damages for his actual physical injuries and has also requested punitive damages. Section 1997e(e) does not prevent recovery of these remedies. See Miller v. Bock, 55 Fed. Appx. 310, 2003 WL 202173 (6th Cir. Jan 28, 2003); Middlebrook v. Tennessee, 2008 WL 2002521 (W.D. Tenn. May 6, 2008) (collecting cases from other circuits).

# RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the Motion for Summary Judgment filed by Defendants Brandon Jackson and Joshua McCall (Docket Entry No. 66):

1) be DENIED as to the Plaintiff's claims for damages against the defendants in their individual capacities and that these claims proceed to trial; and

2) be GRANTED in all other respect.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge