IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL HART )
)
v. )
) No. 3-10-0520
JOSHUA MCCALL, Corporal, in his )
individual and official capacities as a )
Correctional Officer at Riverbend )
Maximum Security Institution; and )
BRANDON JACKSON, C/O, in his )
individual and official capacities as a )
Correctional Officer at Riverbend )
Maximum Security Institution[1] )

ORDER

By order entered December 24, 2011 (Docket Entry No. 181), the Court construed the pro se plaintiff's "Transcript Order" (Docket Entry No. 179) as a motion requesting a transcript of the court proceedings, and referred the motion to the Magistrate Judge for disposition.

As provided herein, the motion (Docket Entry No. 179) is DENIED to the extent that the "Transcript Order" is also construed as a motion for the plaintiff to be provided transcripts free of charge.

At the conclusion of the jury trial on October 25-26, 2011, the jury returned a verdict in favor of the defendants, and judgment was entered for the defendants by the Clerk on October 27, 2011. Docket Entry No. 168.

By letter filed on November 2, 2011, the plaintiff wrote as follows:

> How much will my civil trial transcripts cost?

***

---

[1] Prior to trial, the plaintiff's claims against defendant Ricky Bell, in his individual and official capacities as the Warden of Riverbend Maximum Security Institution ("RMSI"), and against Sandra Hall Unit Manager, in her individual and official capacities as Supervisor and Unit Manager at RMSI, were dismissed by order entered November 15, 2010 (Docket Entry No. 45), and the plaintiff's official capacities claims against defendants McCall and Jackson, and the plaintiff's claims for injunctive and declaratory relief were dismissed by order entered May 26, 2011 (Docket Entry No. 87).

> And can I obtain the transcripts first, then be charged <u>or</u> what? Because I have a family member willing to purchase the transcripts for me!
>
> How does this work??

Docket Entry No. 172.

On November 17, 2011, the plaintiff filed a Notice of Appeal of the "final judgment entered in this action on the 26th day of October of 2011." Docket Entry No. 175. By order entered December 2, 2011 (Docket Entry No. 176), the Court directed the plaintiff to pay the filing fee for the appeal or file an application to proceed in forma pauperis on appeal within 30 days, and advised him that his failure to do either could result in the dismissal of his appeal. On December 6, 2011, the Clerk of the Court of Appeals wrote to the plaintiff, again advising him that the appellate fee or application to proceed in forma pauperis on appeal must be submitted by January 2, 2012. Docket Entry No. 180.

On January 4, 2012, the plaintiff filed an "In Forma Pauperis Declaration" (Docket Entry No. 184). However, by order entered January 6, 2012 (Docket Entry No. 185), the Clerk of Appeals for the Sixth Circuit dismissed the plaintiff's appeal for want of prosecution because he had not paid his appellate filing fee or filed a motion to proceed on appeal in forma pauperis as directed in the letter of November 22, 2011.[2] By order entered January 9, 2012 (Docket Entry No. 186), the appeal was reinstated because the default that led to dismissal of the appeal had been cured by the plaintiff's timely filing a motion to proceed in forma pauperis on appeal. Immediately thereafter, by order entered January 10, 2012 (Docket Entry No. 187), this Court granted the plaintiff's application to proceed on appeal in forma pauperis.[3]

---

[2] Although the order referred to a November 22, 2011, letter, it appears that the letter to which the Clerk referred may have been the letter dated December 6, 2011, rather than November 22, 2011.

[3] The Court delayed ruling on what the Court deemed to be a request for a transcript until after the plaintiff had been permitted to proceed in forma pauperis on appeal.

The "Transcript Order" form that the plaintiff submitted in quadruplicate appears to be a exact replica of the form that the Court of Appeals for the Sixth Circuit provides to litigants who have filed a notice of appeal. A copy of the Transcript Order form and the accompanying Instructions are attached hereto. Two portions of the form are worthy of note. First, it is clear that the form is to be "docket[ed]" in the "Sixth Circuit ECF database." The instructions provided by the Sixth Circuit to which the transcript order form is attached, provides that pro se litigants are to "**mail** the form directly to the Court of Appeals" (emphasis in original), and, unless the case arises from the Northern District of Ohio, it appears that there is no need to file the transcript order form in the District Court.[4]

Second, the form specifically provides that "ALLOWANCE BY THE COURT OF LEAVE TO PROCEED IN FORMA PAUPERIS IN A CIVIL APPEAL DOES NOT ENTITLE THE LITIGANT TO HAVE TRANSCRIPT AT GOVERNMENT EXPENSE" (capitalization in original). It is not clear how the plaintiff obtained the Transcript Order form that he completed and mailed to this Court since, at the time he filed the forms he had not filed his Notice of Appeal. It is also not clear whether the plaintiff wants to order a transcript of proceedings to be paid for by a family member, see Docket Entry No. 172, or whether he wants a transcript prepared for him free of charge. In addition, it is also not clear what proceedings he seeks to have transcribed inasmuch as he specifically refers to the pretrial conference held on July 15, 2011, before the Magistrate Judge but also seeks testimony of witnesses, who did not testify during the pretrial conference, and he seeks a transcript of the voir dire, and opening and closing statements of the parties, which clearly relate to the October 2011, trial.[5]

In determining that the plaintiff is not entitled to transcripts of the pretrial conference or the trial free of charge, the Court has reviewed the provisions of the relevant statute, Federal Rules of

---

[4] However, Rule 10(b)(1)(A)(iii) of the Federal Rules of Appellate Procedure provides that the appellant must file a copy of the transcript order with the district clerk.

[5] Part of the confusion may result from the form itself which specifies "pre-trial proceedings" and "hearing date(s)" rather than the trial.

3

Appellate Procedure, and the Local Rules of the Sixth Circuit. 28 U.S.C. § 1915(c) provides in relevant part as follows:

> Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing as may be required under subjection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; . . . . Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

Rule 10(a) of the Federal Rules of Appellate Procedure provides that the following items constitute the record on appeal: (1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk.

Rule 10(b) provides in relevant part as follows:

> (b)(1) **The Transcript of Proceedings.**
>
> **(1) Appellant's Duty to Order.** Within 14 days after filing the notice of appeal or entry of an order disposing of the last timely remaining motion of a type specified in Rule 4(a)(4)(A), whichever is later, the appellant must do either of the following:
>     **(A)** order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary, subject to a local rule of the court of appeals and with the following qualifications:
>         (i) the order must be in writing;
>         (ii) if the cost of the transcript is to be paid by the United States under the Criminal Justice Act, the order must so state; and
>         (iii) the appellant must, within the same period, file a copy of the order with the district clerk; or
>     **(B)** file a certificate stating that no transcript will be ordered.
>
>                       \*\*\*
>
> **(4) Payment.** At the time of ordering, a party must make satisfactory arrangements with the reporter for paying the cost of the transcript.

Rule 10 of the Local Rules for the Sixth Circuit Court of Appeals refers to the record on appeal as those items specified in Rule 10 of the Federal Rules of Appellate Procedure, and further provides inter alia, that:

> It is the responsibility of the parties to use Form 6CA-30, available on the court's website, to order and to make satisfactory financial arrangements for the production

4

of a transcript necessary for resolution of those issues to be raised on appeal. Only those parts of a transcript shall be ordered that relate to issues to be raised on appeal.[6]

There is no authority for providing free transcripts to an appellant proceeding pro se unless he is eligible for payment under the Criminal Justice Act ("CJA"), which the plaintiff is not.

Therefore, the Clerk of this Court is directed to forward the four (4) original Transcript Order forms provided by the plaintiff to the Court of Appeals, as provided in the Court of Appeals instruction sheet.

The Clerk of this Court shall also provide to the plaintiff the name, mailing address and telephone number of the court reporter during the October 15-26, 2011, trial, and the transcriptionist who would transcribe the pretrial conference on July 14, 2011.[7] In that way, the plaintiff or a family member, as he suggested, can make financial arrangements with either the court reporter and/or the transcriptionist for transcripts to be prepared.

Inasmuch as the motion that was the subject of the referral order has now been resolved, unless otherwise further directed by the Court, there will be no further proceedings before the Magistrate Judge in this case.

Any party desiring to appeal this order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of this order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

                                             _Juliet Griffin_
                                             JULIET GRIFFIN
                                             United States Magistrate Judge

---

[6] The Court notes that, although the plaintiff specifically referred to the pretrial conference on July 15, 2011, in the Transcript Order, he indicated in his Notice of Appeal that he only sought an appeal from the final judgment entered on October 26, 2011.

[7] No court reporter was used on July 14, 2011, so the tapes of the proceeding would have to be transcribed.